**CV 12-0328**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YISROEL M. KATZOFF on behalf of himself and all others similarly situated | ) ) ) ) ) |
| Plaintiff, | ) |
| -against- | ) ) |
| PETER T. ROACH & ASSOCIATES, P.C. Defendant. | ) ) ) |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 2 4 2012 ★
BROOKLYN OFFICE

SUMMONS ISSUED

WEXLER J.

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Yisroel M. Katzoff seeks redress for the illegal practices of Peter T. Roach & Associates, P.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act and other causes of action related to the defendant's unsavory collection practices.

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff

1

is a consumer debt, purportedly owed for a consumer purpose.

4.    Defendant's principal place of business is located in Syosset, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers being a debt collection law firm.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.   This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9.   On or about December 21, 2011 a collector on behalf of the defendant placed a telephone call to the plaintiff.

10.  When the collector called, a third party picked up the phone and heard a pre-recorded message as follows: "Hello this is the law office of Peter T. Roach. If you are Yisroel Katzoff, press one. If you are not that person, press two."

11.  When the third party pressed two, the prerecorded message proceeded to state: "Please have them call us back regarding a important business matter at 1-516-

2

<u>802-4900 ext 401</u>."

12. Said communication was in furtherance of attempting to collect a debt.

13. Said communication was not in order to obtain location information.

14. Said collection attempt violates the FDCPA. See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 ruled that this was a violation of 1692b, 1692c (b), and 1692d. See also (a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a

debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp.

642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (contact with a thrid party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter."stated a claim under § 1692c (b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and

1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998).

And finally the well known Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim -

4

TO DATE OVER 40 COURTS HAVE ADOPTED FOTI'S DEFINITION OF INDIRECT COMMUNICATION - Judge Karas in Foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id. "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id.This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2

5

(rejecting defendant's argument that letter sent to employer seeking

information about whether plaintiff was employed, her

wage scale, her type of employment, the full name of her employer, and if

terminated, the name of her present employer, did not violate § 1692c(b)

because it did not suggest a debt collection purpose). Thus,

given the choice of language by Congress, the FDCPA should be interpreted to

cover communications that convey, directly or indirectly, any information

relating to a debt, and not just when the debt collector discloses specific

information about the particular debt being collected. Indeed, a narrow reading

of the term "communication" to exclude instances such as the present case

where no specific information about a debt is explicitly conveyed could create

a significant loophole in the FDCPA, allowing debtors to circumvent the §

1692e(11) disclosure requirement, and other provisions of the FDCPA that

have a threshold "communication" requirement, merely by not conveying

specific information about the debt. In fact, under Defendant's interpretation of

"communication," a debt collector could call regularly after the thirty-day

validation notice is sent, and not be subject to § 1692e(11)'s requirement so

long as the message did not convey specific information about the debt. Such a

reading is inconsistent with 658*658 Congress's intent to protect consumers

from "serious and widespread" debt collection abuses. Foti v. NCO Financial

Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 Krug v.

Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J. May

11, 2010) (same)

6

Holding that under § 1692c(b), a collector may not communicate with a third

party "in connection with the collection of any debt" except to obtain

location information as provided in § 1692b. To

violate § 1692b. the third party communication need only be "in connection

with the collection of a debt;" it need not expressly mention the debt or

debt collection as "communication" includes conveying information about a

debt "indirectly." 15 U.S.C. § 1692a(2). Henderson v. Eaton, 2001 U.S. Dist.

LEXIS 13243 (E.D. La.

Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642

(W.D.N.C.1998).Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La.

Jan. 2, 2002). FDCPA class action certified Finding that a phone call to a

debtor's neighbor that the defendant had a "very important" matter to address

was "regarding a debt"

because the content of the phone call was "with respect to" the defendant's

efforts to collect on plaintiff's alleged arrearage. Leyse v. Corporate Collection

Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit,

Inc., 998 F. Supp. 642 (W.D.N.C.1998) Finding that the messages left by the

defendant constituted

"communications" even though they did not technically mention any

information about the debt and stated a claim under § 1692c(b) since it was not

left for the purpose of obtaining location information which is the only

communication with third parties permissible under the FDCPA) quoting );

West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998);

7

also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS

47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the

message was a communication under the FDCPA even though it was not

disclosed that it came from a debt collector where the name of the company

was referenced, directions to return the call were given, and the purpose of the

message was to induce the debtor to return the call)

Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 The

consumer adequately aileged that defendant contacted a third party in violation

of § 1692c(b) since the defendant's inquiry went beyond the boundaries of

location information. A debt collector may not seek additional information

about a consumer, because such information is beyond the scopeof location

information. Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL

2978029 (E.D. Pa. July 26, 2010) A "communication" need not refer to the

debt." Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010).

(finding that the telephone message at issue, which referenced an

"important" matter, contained information regarding a file number and whom

to contact, and was left for the purpose of collecting the debt, indirectly

conveyed information concerning the debt and, therefore,

met the statutory definition of a "communication");

Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346,

1350-51 (N.D. Ga. 2008) (finding that the message was an indirect

communication regarding the plaintiff's debt where it conveyed pertinent

information including the fact that there was a matter he should attend to and

8

instructions on how to do so) Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008) (finding that the messages left by the defendant constituted "communications" even though they did not technically mention specific information about the debt) Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005)

(finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call) Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692b.

On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful. (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss).

Shaver v. Trauner , 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998).

15. The fact that the defendant has the message pre-recorded demonstrates that it has an utter disregard for compliance with the FDCPA.

16. The said telephone message is in violation of 1692b, 1692c(b), and 1692d.

17. On or about October 6, 2011 defendant left a pre-recorded message message on the plaintiff's voice mail stating: "This is the Law offices of Peter T. Roach and Associates calling you on behalf of Citi Bank please call us back at 1 (800) 824-0284 extension 401."

18. Said message communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense.

19. Hence the said message violates Section 1692e(3). See, e.g. Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

20. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir.

10

1993) See, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); The same applies to a prerecorded or human voice-mail message, because a voice mail message containing a law-firm audio caption such as -- **"This is the Law offices of Peter T. Roach and Associates calling you on behalf of citi bank please call us back at 1 (800) 824-0284 extension 401")** would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process. See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA.").

The Second Circuit confronted similar facts in Clomon. There, the attorney defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent." 988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the defendant attorney's signature, violated Section 1692e(3) because,

11

although *literally* "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

While many courts have ruled  (see e..g Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011): that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. When a debt collection law firm like **Peter T. Roach and Associates** chooses to leave a voice mail message on the debtors answering machine which uses the words **Law offices of Peter T. Roach and Associates** before any direct and personal involvement (" with the debtor's account — such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) this message violates Section 1692e(3) See also e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."

21.     Defendant, as a matter of pattern and practice, leave voice mail messages, or cause voice mail messages to be left on debtors' answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited message which was left on Plaintiff's answering machine on October  6, 2011.

22.     Upon information and belief, Defendants leave thousands of voice mail messages like the one left for Plaintiff without conducting any meaningful review of the accounts.

23.     The human and or prerecorded voice mail messages Defendants leave, or cause to be left on debtors answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, Robo calling technologies, dialers and electronic databases.

24.     The October 6, 2011 communication is a standardized prescript-ed voice mail.

25.     Although the defendant may technically be a law firm, it was not acting in the capacity of a law firm with respect to the October 6, 2011 voicemail.

26.     The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

27.     If the defendant law firm desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the guidelines imposed by the FDCPA and as

interpreted by the Second Circuit Court of Appeals provided that each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

28.     The telephone number (800) 824-0284 extension 401 is answered by persons who are employed by The Law offices of Peter T. Roach as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

29.     On or about October 20, 2011, Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in and effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default.  A true and correct copy of Defendants' October 20, 2011communication is attached hereto.

14

30.     Defendant, as a matter of pattern and practice, mail letters, or cause the
        mailing of letters, to debtors using language substantially similar or
        materially identical to that utilized by Defendant in mailing the above-
        cited letter to Plaintiff.

31.     Defendant mails, or cause the mailing of, thousands of collection letters
        like the one sent Plaintiff without conducting any meaningful review of
        the accounts.

32.     The letters Defendant mail, or cause to be mailed, are produced by
        Defendant's concerted efforts and integrated or shared technologies
        including computer programs, mailing houses, and electronic databases.

33.     The October 20, 2011, communication is a standardized form letter.

34.     Although Peter T. Roach may technically be a law firm, it was not acting
        in the capacity of a law firm with respect to the October 20, 2011, letter.

35.     The inclusion of "Law Offices" is therefore materially deceptive and
        misleading in that it communicates to the least sophisticated consumer that
        the communication came from a law firm in a practical sense, when it did
        not.

36.     If Peter T. Roach desires to take advantage of the additional collection
        leverage provided by the use of a law firm's name in connection with
        purely debt-collection related activities, it is free to do so under the

15

FDCPA and the interpretation of the Second Circuit Court of Appeals so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293(E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

See, e..g  Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3).

37.     The defendant is in violation of 1692e, 1692e(3) and 1692e(10).

38.     Within one year preceding the date of the filing of the complaint in this action, in an attempt to collect the debt, Defendant placed several telephone calls to the Plaintiff and persistently left messages for the Plaintiff on a telephone answering machine.

16

39.     The messages left by the a machine and were pre-recorded messages.

40.     The messages left by the Defendant on the answering machine did not include the notices required by 15 USC 1692e(11).

41.     The messages left by the Defendant were harassing in that they failed to meaningfully identify the Defendant as required by 15 USC 1692d(6).

42.     Within the one year immediately preceding this action, the Defendant left the following pre-recorded message on the Plaintiff's answering machine on numerous occasions:

"Hello. This message is for Yisroel Katzoff If you are not Yisroel Katzoff, please do not listen to this call. I will now pause five seconds. By continuing to listen to this call you acknowledge that you are Yisroel Katzoff. This call is to collect a debt. Please call 1-516-802-4900. That number again is 1-516-802-4900. Thank you."

43.     The messages left by the Defendant did not identify the Defendant as a debt collector as required by 15 USC 1692e(11).

44.     The least sophisticated consumer could believe that this automated message was from an original creditor.

45.     The message left by Defendant were deceptive in that the "least sophisticated consumer" would not recognize that the defendant was a

debt collector and the messages specifically failed to provide the notice required by 15 USC 1692e(11).

46.   The message left by Defendant was deceptive and harassing per se in that it secreted the identity of the Defendant in violation of 15 USC 1692d(6).

47.   The Plaintiff listened to the messages left by the Defendant.

48.   Upon information and belief, it is the regular practice of the defendant to leave messages on consumers' answering machines that do not meaningfully identify themselves, and/or do not identify themselves as a debt collector.

49.   The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages were materially identical to automated messages left for the Plaintiff.

50.   The actions of the Defendant as described above violate 15 USC 1692e; 15 USC 1692e(10); 15 USC 1692e(11); 15 USC 1692d; 15 USC 1692d(5) and 15 USC 1692 d(6).

51.   Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

52. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

53. Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all those incoming calls.

54. Plaintiff was not alerted to the calls beforehand.

55. Said messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice and 1692f(5) for unlawfully causing the plaintiff to incur a charge.

56. On or about October 20, 2011 defendant sent a letter attached hereto which states in part: "Please be advised that any settlement write-off over $600.00 may be reported to the Internal Revenue Service by our client."

57. The said letter violates 15 U.S.C. § 1692e, and e(10), by falsely representing that "any forgiveness above $600.00 may be reported to the IRS on a 1099C Form."

58. Such a statement is objectively false. "Any" forgiveness may not be reported to the IRS.

59. The law prohibits the Defendant or the creditor from reporting information about the consumer on a I099C form unless certain "identifiable events"

occur, none of which are applicable to the Plaintiff herein.

60.  The said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

61.  The said letter is false and deceptive in that it does not explain that the Defendant or the creditor is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

62.  The said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

63.  The said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

64.  The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the defendant claims is owed.

65.  The letter violated 15 U.S.C. § 1692e, § 1692e(10) and § 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that "any forgiveness above $600.00 may be reported to the IRS on a 1099C Form" as contained within Exhibit A, could be read by the least sophisticated consumer, as a threat to engage in an act legally

prohibited. The language falsely indicates that unless the consumer paid

the full amount that the Defendant alleges is owed, the Defendant is going

to unilaterally engage in conduct that is prohibited by law.

66.     Defendant's actions as described herein also violate § 1692e(8), in that the

language contained within Exhibit A is a threat to report information that

the defendant knows, or should have known to be false. Defendant is not

permitted to a file 1099C tax form relating to a consumer unless certain

"identifiable events" occur. The threat to file such 1099C tax forms

without regard for said. "identifiable events" is a violation of § 1692e(8).

The least sophisticated consumer could read this letter to mean that the

Defendant is going to report to the IRS that the entire difference between

what the defendant says is owed, and what the plaintiff pays, is taxable. The

defendant's letter fails to disclose to consumers that there is a distinction

between principal and interest.

67.     The Defendant's actions as described herein are also unfair and

unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and

abusive in violation of 15 U.S.C. § 1692d.

68.     The Defendant's letter gives consumers objectively false and deceptive tax

advice.

69.     The Defendant's letter could mislead the least sophisticated consumer that

unless the consumer pays the entire amount that the Defendant alleges is

owed on the alleged debt, the consumer is going to be reported to the IRS.

21

70.  The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire mount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

71.  The Defendant voluntarily chooses to give the tax advice found in Exhibit A. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

72.  It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). This includes a statement that a 1099 must be issued when a 1099 is not required. Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); many classes have been certified see Sledge v. Sands , 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs.,  2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.

73.  On or about October 6, 2011 the defendant left a message for the plaintiff which was improperly overheard by plaintiff's father and mother in violation of 1692b and 1692c(b)..

22

74.    On or about October 20, 2011 defendant sent the plaintiff a collection letter, as stated above.

75.    The October 20, 2011 collection letter was sent within the initial thirty day period from the initial collection letter sent on or about October 5, 2011.

76.    The said October 20, 2011 states in pertinent part as follows:

"Please call us immediately to avoid being served with a summons and complaint which may result in a judgment being entered against you.  If a judgment is entered against you it may include court costs, legal fees and interest accruing from the date the judgment is entered."

77.    Said language contradicts the plaintiff's right to dispute the debt for the entire initial thirty day period.

78.    Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

.    "Importantly, the FDCPA does not assume that the recipient of a collection letter is aware of h[is] right to require verification of the debt. Instead, the statute requires the debt collector to inform the debtor of his rights by sending him a `validation notice' with the initial dunning letter (or within 5

days thereafter)."

Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d 1060,1064(D. Minn. 2008).

.   One of the reasons for requiring notice is to "ensure that debt collectors [give] consumers adequate information concerning their legal rights." Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988), quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17 News 1695, 1702. However, if the consumer fails to contact the debt collector within 30 days these rights are lost forever. Id. It is therefore in the interest of an unscrupulous debt collector to not actually alert the consumer to his or her rights.


.   Overshadowing occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the communication would mislead the least sophisticated debtor and encourage him to disregard his rights.

Terran v. Kaplan,109 F.3d 1428, 1432 (9th Cir.1997); see also Voris v. Resurgent Capital Services, L.P., 494 F. Supp. 2d 1156,1163 (S.D.Cal. 2007). see also Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

 A notice is overshadowing or contradictory if least sophisticated consumer would be confused as to the consumer's rights.


.   Thus, it makes sense that under the FDCPA, notice of the thirty-day

24

validation period is mandatory, but is not, under every circumstance, sufficient to satisfy § 1692g(a); a debt collector must "effectively convey" the notice to the debtor. Smith v. Computer Credit, Inc., 167 F. 3d 1052, 1054 (6th Cir. 1999).

.   To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard.   The FDCPA is to be interpreted in accordance with the "least sophisticated debtor" standard. See Clark Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006).

. The  least  sophisticated debtor standard is  "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Smith,167 F.3d at 1054, quoting Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1227 (9th Cir. 1988)).

.   In this case, when confronted with Peter T. Roach and Associates  October 20, 2011 letter threatening that to avoid being served with a summons and complaint you must take advantage of the settlement options" the least sophisticated debtor would believe that the only way to avoid  a lawsuit, was to remit immediate payment.

.   A demand for payment or action by the consumer within a time less

25

than the disclosed thirty-day validation period contradicts § 1692g(a) and thus

violates the Act. See U.S. v. National Financial Services, 98 F.3d 131, 139

(4th Cir.1996);

Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2nd Cir.1996);

Miller v.Payco-General Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir.1991);

Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1226 (9th

Cir. 1988).

79.     Peter T. Roach and Associates violated 15 U.S.C. § 1692g(b) and 1692e(10)

by including language in its October 20, 2011 letter that overshadowed or was

inconsistent with the required notices.

80.     The October 5th, 2011 initial communication was received by the Plaintiff.

81.     Within 20 days of his receipt of said initial communication, on or about

October 21st, 2011 Plaintiff disputed the debt.

82.     Rather than obtaining and mailing to the Plaintiff verification of the alleged

debt, Defendant continued efforts to collect the debt including telephone calls.

83.     On or about December 12, 2011, Defendants sent a summons and complaint

concerning the alleged debt, without having obtained and/or sent Plaintiff

verification of same pursuant to his dispute made on October 21st, 2011.

84.     The December 12, 2011 communication was received by Plaintiff after

December 12, 2011.

85. Upon information and belief, the aforementioned communication dated December 12, 2011 and other calls and demands and/or attempts to collect amounts that the Defendants knew, or should have known, were not owed, and were disputed, by the Plaintiff.

86. The December 12, 2011 communication and other communications were part and parcel of a course of conduct designed to harass and extort monies from Plaintiff over an alleged debt he did not owe, an alleged debt that was disputed and a portion of a debt that was fraudulently created by the defendants and barred from judicial enforcement.

87. Defendants, in attempting to collect from the Plaintiff the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

a) 15 U.S.C. §1692d generally, and specifically, 15 U.S.C. 1692f(1); 15 U.S.C. 1692e(2)(A); 15 U.S.C. 1692e(3); 15 U.S.C. 1692c(10); 15 U.S.C. 1692c(c) and 15 U.S.C.

1692g(b) by Defendants' December 12, 2011 communication, as described above; and

b) 15 U.S.C.  § 1692d generally, and specifically, 15 U.S.C. 1692f(1); 15 U.S.C. 1692e(2)(A); 15 U.S.C. 1692e(3); 15 U.S.C. 1692e(10); 15 U.S.C. 1692c(c) and 15 U.S.C. 1692g(b) by continuing to attempt to collect an alleged debt that Plaintiff disputed in writing and refused to pay, and which a portion of the debt that was fraudulently created by the defendants and was

unlawful and barred against enforcement in New York State.

88.    That because of the foregoing, the Plaintiff, has suffered actual and statutory damages in amounts to be determined at trial but no less then $16,168.00

89.    On or about December 16th, 2011 a complaint was filed, with an index number of 084522-11, in the Civil Court of the State of New York, County of Kings captioned "Citibank (South Dakota) N.A. against- Yisroel M Katzoff" for $16,168.10 for various causes of action. The complaint stated that plaintiff "now owes a balance of $16,168.10, together with attorney's fees of $3,233.62 , no part of which has been paid despite due demand thereof.." The complaint was signed by the law firm of Roach. See attached.

88.    Upon information and belief, there was never a demand made by Roach to plaintiff for said unreasonable unfair attorney's fees.

90.    Upon information and belief Roach always unlawfully and unfairly charges 20% percentage of the principal debt as unreasonable attorney fees in violation of the law.   See case law:

Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C., 2005 WL 2180481 (W.D. Mich. Sept. 9, 2005). Where the contract allowed for reasonable attorney fees, defendant's claim to a percentage attorney fee violated §§ 1692e (2), (10), and 1692f(1). And the court determined that "it would take a leap of logic" to find that the plaintiff agreed to a percentage of the principal debt as attorney fees in the event she defaulted .A reasonable attorney fee always requires a court determination.

Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349 (Same)

Stolicker v. Muller, Muller, Richmond, Harms, Myers, Sgroi, P.C.,

2006 WL 3386546 (W.D. Mich. Nov. 22, 2006). Pursuant to

§ 1692k(a), members of a class action may recover actual damages

without any cap.

Kojetin v. C U Recovery, Inc., 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29,

1999) (the FDCPA would provide little protection to a debtor . . . if, in agreeing to

pay 'reasonable collection costs,' a debtor was held to have agreed to pay

whatever percentage fee a debt collection service happened to charge a lender").

Kojetin v. C.U. Recovery, Inc., 1999 U.S. Dist. LEXIS 1745  (8th Cir. 2000).

The agreement between the debt collector and the creditor allowed

the debt collector to charge the consumer a 15% collection fee.

The agreement between the consumer and the creditor, however,

only allowed ''reasonable attorney's fees and costs incident to collection.''

The court found that seeking the 15% fee, which was not expressly

authorized by the consumer, violated § 1692f, and constituted the

type of false and misleading representation of the type that the FDCPA was

designed to foreclose.


Richard v. Oak Tree Group, Inc., 614 F. Supp. 2d 814 (W.D. Mich.

2008). The consumer's agreement to pay ''collection costs and

expenses incurred'' is not an agreement to pay a collection agency's

maximum potential commission based upon percentage of the

unpaid balance and violated § 1692f(1) and 1692e(2)(A), (B)

Pettway v. Harmon Law Offices, P.C., 2005 WL 2365331 (D.

Mass. Sept. 27, 2005). Class certification was granted in an

FDCPA action alleging that attorney fees were overstated and

that attorney fees which were overstated was false and deceptive.

Daniels v. Davis Davis Attys., P.C., 2011 Pa. Dist. & Cnty.

Dec. LEXIS 40, 18-19 (Pa. County Ct. 2011) The Court, stated that

the FDCPA would provide little protection to a debtor if, in agreeing

to pay "reasonable collection costs," a debtor was held to have agreed

to pay whatever percentage fee a debt collection attorney happened to charge.

The Court held that to allow a creditor and its collection attorney, independent

of the debtor, to determine what they believed was a reasonable attorney fee

and then request that amount in a suit to collect the debt would alter the contract

signed by the debtor. More importantly the alteration of the terms of the contract

misrepresents the amount of the debt owed and the compensation which may

be received for the collection of the debt in violation of §1692e(2)(A), (B)

91.    At all relevant times Roach was acting in concert with Citibank

(South Dakota) N.A. in order to collect this debt.

92.    Under New York law, where attorney's fees are incurred in

enforcing an agreement pursuant to which plaintiff is entitled to attorney's fees,

the attorney's fees are owed only after final judgment is entered.

30

93. Under New York law, where an agreement provides for an award of attorney's fees to a party for its reasonable attorney's fees in enforcing an agreement, the award of the reasonable attorney's fees must be given by the court and is never owed until the court enters judgment.

94. Under New York law, a request for legal fees requires presentation tendered by an appropriate affidavit or affirmation to the court of. (1) an agreement to pay such fees, and (2) an attorney's affirmation detailing the fee arrangement (3) an itemization of the services rendered on behalf of the plaintiff by the attorney. This statement should detail all the work done, including communications with the debtor, settlement discussions, prior payout arrangements, preparation of pleadings, initiation of suit, preparation of default judgment and any other work done (4) a statement as to the amount due to the attorney from the plaintiff were the plaintiff to collect on the judgment. This is normally given as a percentage and a total dollar amount. The affidavit or affirmation requires other information as well. The agreement to pay legal fees must be submitted for, absent an agreement to pay such fees, an application for fees may not be granted by New York State courts.

95. In the within matter, the court had not awarded any attorney's fees to Roach.

96. Nevertheless, Roach claimed that attorney's fees which were also unreasonable attorney's fees were now owed by the plaintiff.

97. Defendant's conduct was willful.

98. Defendant's conduct was an abuse of process.

31

99.    Defendant sought to collect a financial obligation incurred for

personal, family or household purposes.

100.    The defendant's conduct violates 15 U.S.C. §§1692, 1692e

and 1692f.

   Section 1692e entitled False or Misleading Representations

provides:    A debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt. Without

limiting the general application of the foregoing, the following conduct is a violation of

this section:

(2) The false representation of-

(A)the character, amount, or legal status of a debt.

The use of any false representation or deceptive means to collect or attempt

to collect any debt.

Section 1692f entitled Unfair Practices provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to

collect any debt. Without limiting the general application of the foregoing, the following

conduct is a violation of this section:

(1)    The collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the debt or permitted by

law.

See also case law:

McCollough v. Johnson, Rodenberg & Lauinger, 587 F. Supp. 2d

32

1170 (D. Mont. 2008). The defendant collection attorneys violated

§ 1692e(2)(B) by requesting in the state court collection complaint

attorney fees to which it was not entitled under applicable state

law.

... After trial in the previous case

McCollough v. Johnson, Rodenburg & Lauinger, 2009 WL 2476543

(D. Mont. June 3, 2009). Following a plaintiff's jury verdict that

awarded $250,000 in compensatory damages for the abuse of process, $1000 FDCPA

statutory

damages, and $60,000 in abuse of process punitive damages, the court

awarded attorney fees in the full amount requested of over $93,000,

commenting, inter alia, that the litigation "confers a meaningful

public benefit by discouraging illegal debt collection" in the state.


McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939

(9th Cir. Mont. 2011) Affirming the jury verdict of $408,770.17 and

Affirming summary judgment on the claim of illegal debt collection

by requesting attorney fees in the state court collection complaint


101.    By its conduct, Roach violated the above quoted provisions of the

statute because Roach stated that attorney's fees were due and owing when in fact they

were not.

102.    By attempting to collect attorneys fees to which it was not entitled, Roach

33

violated the above quoted provision's of the statute.

103.    By acting as it did, Roach violated the above quoted provisions of

the statute because it contained unreasonable and falsely inflated attorney's fees.

104.    By adding unlawful costs to plaintiff's balance Roach violated the

above quoted provision's of the statute.

105.    By unlawfully charging all debtors a 20% percentage of the principal debt as

attorney fees Roach violated the above quoted provisions of the statute.

106.    By adding in the complaint the words:  "owes a balance of $16,168.10, together

with attorney's fees of $3,233.62, no part of which has been paid despite due

demand thereof, " defendant falsely claims to the court that it demanded said

attorneys fees in the past when in fact no such demand was ever made prior to the

commencing of the complaint.

107.    As a result of the illegal conduct of Roach, plaintiff is entitled to actual damages

as well as statutory damages pursuant to 1692k.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

108.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-

107 as if set forth fully in this Cause of Action.

109.    This action is brought on behalf of plaintiff and the members of various classes.

110.    Class A consists of all persons whom Defendant's records reflect resided in the

State of New York and who received telephonic messages from defendant's

representatives within one year prior to the date of the within complaint up to the date of

the filing of the complaint; (a) the automated telephone message asked the receiver to press one or two; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692b, and 1692c(b) and 1692d.

111. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint or pre-recorded message where the message set forth that the messages was from the Law Office of Peter Roach where the matter was not previously reviewed by an attorney; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that plaintiff asserts that the telephone messages were in violation 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

112. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages implied that the filed was reviewed by an attorney when it was not in violation 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

113. Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who received a letter from the defendant with "Law Offices" where the account was not previously reviewed by an attorney, sent to the consumer within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the letter was sent to a consumer seeking payment of a consumer debt (c)

that the letter was not returned as undeliverable; and (d) plaintiff asserts that the defendant violated 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

114.    Class E consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message failed to identify the defendant and give meaningful disclosure (b) was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone message is in violation of 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(10) and 1692e(11).

115.    Class F consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692f(5) for unlawfully causing the plaintiff to incur a charge.

116.    Class G consists of all persons whom Defendant's records reflect resided in the State of New York and who received a letter from the defendant where the defendant misrepresented the IRS 1099 reporting requirements and gave false tax advice; (a) the letter was sent to a consumer seeking payment of a consumer debt (c) that the letter was not returned as undeliverable; and (d) plaintiff asserts that the defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10) and 1692f.

117.    Class H consists of all persons whom Defendant's records reflect resided in the State of New York and who received a telephonic message disclosing improperly

disclosing that a debt was owed to an unauthorized thirty party within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages is in violation of 15 U.S.C. §§ 1692b and 1692c(b).

118.    Class I consists of all persons whom Defendant's records reflect resided in the State of New York and who received letters from the defendant where the defendant contradicted the consumer's right to dispute the debt similar to the October 5, 2011 and October 20, 2011 letter series; (a) the letters were sent to a consumer seeking payment of a consumer debt (c) that the letter was not returned as undeliverable; and (d) plaintiff asserts that the defendant violated 15 U.S.C. §§ 1692g and 1692e(10).

119.    Class J consists of all persons whom Defendant's records reflect resided in the State of New York and who received a summons an complaint where the consumer had previously disputed the debt in writing but where the defendant had subsequent to the dispute failed to send the consumer verification of the debt; (a) the summons and complaint was sent or purportedly served upon a consumer seeking payment of a consumer debt (c) that the summons and complaint was not returned as undeliverable; and (d) plaintiff asserts that the defendant violated 15 U.S.C. §§ 1692d, 1692f(1), 1692e(2)(A), 1692e(3), 1692c(c) and 169g(b).

120.    Class K consists of all persons whom Defendant's records reflect resided in the State of New York and who received a summons an complaint where the defendant has falsely, deceptively and unlawfully demanded a flat rate of 20% for attorney's fees; (a) the summons and complaint was sent or purportedly served upon a consumer seeking payment of a consumer debt (c) that the summons and complaint was not returned as

undeliverable; and (d) plaintiff asserts that the defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692(f).

121.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages, letters and pedestrian collection complaints are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, letters and complaints (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

122.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally

38

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

123.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

124.    Collection attempts, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

125.    The actions of the defendant violate the Fair Debt Collection Practices Act.

126.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

### <u>AS AND FOR A SECOND CAUSE OF ACTION</u>

**Violations of the Telephone Consumer Protection Act brought by plaintiff**

127.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

128.    The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating thirty-six (36) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

129.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant also without having included the proper name of the defendant or any name for that matter.

130.    There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue where the plaintiff was charged for each call.

131.    Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

132.    Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

133.    All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its

actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. *(Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

Violations of the Telephone Communications Privacy Act

134.    The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

41

135.    The FCC did not intend to exempt automated collection calls from the
        requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case
        where the debt collector failed to leave the legal name of the company.
        (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

136.    Defendant has repeatedly violated the TCPA by the calls made to plaintiff
        specifically the numerous calls by illegally by not stating its legal name in its
        prerecorded messages in violation of the Telephone Consumer Protection Act

137.    The actions of the defendant violate the TCPA.

138.    Because the defendant intentionally violated the TCPA, the plaintiff is entitled
        to damages in accordance with the TCPA namely $1500 for each call where the
        defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor
and against the defendant and award damages as follows:

    (a) Statutory damages provided under the TCPA and injunctive relief;

    (b) Any other relief that this Court deems appropriate and just under the
        circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349

139.    Plaintiff incorporates by reference paragraphs 1 through 139, sans the class
allegations of this Complaint, as though fully stated herein.

140.    The conduct of Roach in charging unlawful fees constitutes deceptive or
materially misleading activity that is directed at consumers and caused consumers to
suffer financial injuries of incurring wrongful fees and having increased debt.

141.   As a result of the unlawful fees which the defendants willfully and intentionally imposed, plaintiff is entitled to damages pursuant to GBL § 349 which includes a demand for injunctive relief, damages, attorney's fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION

ABUSE OF LEGAL PROCESS  (class action)

142.   Plaintiff repeats and realleges paragraphs 1 through 139 as if fully set forth herein.

143.   Defendant commenced and prosecuted legal proceedings against Plaintiff with the intent to defraud plaintiff out of attorney fees not owed.

144.   There was no probable cause for Defendant's prosecution of the legal proceedings against Plaintiff for unlawful attorney fees.

145.   Defendant's instigation and demand through legal proceedings for a non-court awarded and a non contractual percentage based attorney fee was actuated with malice, and/or an improper motive and a abuse of legal process with the intent to defraud plaintiff.

146.      Defendant has an ulterior purpose and motive and do so as a matter of pattern and practice to falsely claim to the court that no part of the unreasonable attorney fee has been paid despite due demand thereof,  when in fact no demand was ever made by the defendant prior to commencing the complaint.

see McCollough v. Johnson, Rodenburg & Lauinger, 2009 WL 2476543

(D. Mont. June 3, 2009). Following a plaintiff's jury verdict that

awarded $250,000 in compensatory damages for the abuse of process, $1000 FDCPA statutory damages, and $60,000 in abuse of process punitive damages, the court awarded attorney fees in the full amount requested of over $93,000, commenting, inter alia, that the litigation "confers a meaningful public benefit by discouraging illegal debt collection" in the state.

147.   Plaintiff have suffered damages as a consequence of Defendant's malicious prosecution and/or abuse of the legal process in an amount to be determined by a jury at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which they are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

CLASS ALLEGATIONS

148.   Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

149.   The first class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Civil Court of the State of New York in any county (d) in which Roach is the attorney (e) where the complaint stated that the debtor "now owes    attorney's fees of ...... " or where the attorney's fees portion of the balance contained fees not properly classified as attorney's fees (f) on or after a date one year prior to the filing of this action and on or before a date  20 days after the filing of this action.

150.   The second class consists of (a) all individuals (b) with a New York address (c) who have had a case filed against them in a Civil Court of the State of New York in any

county (d) in which Roach is the attorney for the creditor or Citibank (South Dakota),

N.A. is the plaintiff (e) where the complaint stated that the debtor "now owes attorney's

fees of    " (f) on or after a date three years prior to the filing of this action and on or

before a date 20 days after the filing of this action.

151.    The third class consists of (a) all individuals (b) with a New York

address (c) who have had a case filed against them in a Civil Court of the

State of New York in any county (d) in which Roach is the attorney for the creditor or

Citibank (South Dakota), N.A. is the plaintiff (e) where the complaint stated that the

debtor "now owes attorney's fees of which are unlawfully based on a 20% percentage of

the debt" (f) on or after a date three years prior to the filing of this action and on or

before a date 20 days after the filing of this action.

Dated: Cedarhurst, New York
January 17, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable

Adam J. Fishbein  (AF-9508)

Peter T. Roach

En-Chia Anna Lin
*Also admitted in New Jersey*
Timothy J. Murtha
*Also admitted in Connecticut*
Shawn A. Spielberg

## Peter T. Roach & Associates, P

**Attorneys at Law**
125 Michael Drive, Suite 105
Syosset, NY  11791

Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

*Of Counsel*

Scott A. Koltun
*Also admitted in California*

NYC Dept. of Consumer Affairs License No: 1256302

YISROEL M KATZOFF
687 LEFFERTS AVE
BROOKLYN NY 11203

RE:   Claimant: CITIBANK, N.A.
      Debtor: YISROEL M KATZOFF
      Principal Due: $16,168.10
      Account Number: ************4298
      File Number: 11-01466
      Debt Type: CITI MASTERCARD

October 5, 2011

DEAR YISROEL M KATZOFF,

The firm of Peter T. Roach & Associates, PC is a professional corporation representing creditors in the area of creditors rights. In this regard, this office represents the above named claimant who has placed this matter with our office for collection and such action as necessary to protect our client. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

Despite this demand, you have the right to dispute the claim. However, if you do not dispute the validity of this debt or any portion thereof within thirty (30) days after your receipt of this notice, this office will assume that this debt is valid. If you notify this office in writing that this debt or any portion thereof is disputed within the aforementioned 30-day period, we will mail you verification of the debt. Upon a written request, we will provide you with the name and address of the original creditor, if different from the current creditor.

Upon receipt of a written request for verification of the debt or for the name and address of the original creditor, our office will cease collection of the debt or any portion thereof until verification of the debt is obtained and a copy is mailed pursuant to the written request.

Collection activities may continue during the 30 day period unless you notify our office that the debt or any portion thereof is disputed or you submit a written request for the name and address of the original creditor.

**Make your certified check or money order payable to Citibank, N.A., and forward it to, Peter T Roach and Associates, P.C., 125 Michael Drive, Suite 105, Syosset, New York 11791.** Please be sure to include the file or account number listed above on all correspondence and payments to ensure the proper handling and crediting of your account. Or you may call us at 516-938-3100.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Peter T. Roach

En-Chia Anna Lin
*Also admitted in New Jersey*
Timothy J. Murtha
*Also admitted in Connecticut*
Shawn A. Spielberg

**Peter T. Roach & Associates, P.C.**
Attorneys at Law
125 Michael Drive, Suite 105
Syosset, NY 11791

Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

*Of Counsel*

Scott A. Koltun
*Also admitted in California*

NYC Dept. of Consumer Affairs License No: 1256302

YISROEL M KATZOFF
687 LEFFERTS AVE
BROOKLYN NY 11203

RE:     Claimant: CITIBANK, N.A.  (File Number: 11-01466)
         Debtor: YISROEL M KATZOFF          Account Number: ************4298
         Principal Amt: $16,168.10          Payments Received: $.00
         Costs Expended: $.00               **Balance Due: $16,168.10**
         Debt Type: CITI MASTERCARD

October 20, 2011

DEAR YISROEL M KATZOFF,

        As you are aware, we have been retained as attorneys for the above listed claimant to secure payment of the outstanding balance due on the above listed account.  We have made several attempts to reach you by phone to discuss the balance due.  We understand that you may be having financial difficulties.  Notwithstanding our prior demand for payment, we are willing to offer you options for repaying this debt within the parameters our client permits.  If it is your intention to eventually pay this, perhaps you should consider the following options:

OPTION 1:     A settlement in an amount of $12,126.08 which can be made in multiple payments.

OPTION 2:     Monthly payments of $449.11 until your balance is paid in full or until you agree to settle this debt in another manner.

        Please call us immediately to avoid being served with a summons and complaint which may result in a judgement being entered against you. If a judgment is entered against you it may include court costs, legal fees and interest accruing from the date the judgment is entered. We sincerely hope that you will call us immediately and take advantage of these options.

        Please be advised that any settlement write-off over $600.00 may be reported to the Internal Revenue Service by our client.

Very Truly Yours,
Peter T. Roach and Associates, P.C.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CONSUMER CREDIT TRANSACTION

**IMPORTANT!!** YOU ARE BEING SUED!! THIS IS A COURT PAPER-A SUMMONS.
DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN
FROM YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR
PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY
OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THE
COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!! THIS
COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, STATE OF NEW YORK
-------------------------------------------------------------------X

INDEX NUMBER 084522
FILED: 12-16-11
**SUMMONS**

CITIBANK, N.A. ,

PLAINTIFF,

PLAINTIFF'S PRINCIPAL PLACE OF BUSINESS:
701 East 60th Street Nort
Sioux Falls, SD 57117

-AGAINST-

THE BASIS OF THE VENUE DESIGNATED IS
DEFENDANT'S RESIDENCE

YISROEL M KATZOFF, , ,

DEFENDANT(S).

-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(S): YOU ARE HEREBY SUMMONED TO APPEAR IN THE CIVIL COURT OF
THE CITY OF NEW YORK,COUNTY OF KINGS, AT THE OFFICE OF THE CLERK OF THE SAID COURT AT 141
LIVINGSTON STREET,BROOKLYN, NY 11201, COUNTY OF KINGS, IN THE CITY AND STATE OF NEW YORK,
WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED
COMPLAINT WITH THE CLERK; UPON YOUR FAILURE TO ANSWER, JUDGEMENT WILL BE TAKEN AGAINST
YOU FOR THE SUM OF $16,168.10 TOGETHER WITH ATTORNEY'S FEES OF $3,233.62, TOGETHER WITH
THE COSTS OF THIS ACTION.

Timothy J Martha, Shawn Spielberg

DATED: November 21, 2011
File No:11-01466
(Accu-Serve)

**PETER T. ROACH AND ASSOCIATES, P.C.**
ATTORNEYS FOR PLAINTIFF
125 Michael Drive, Suite 105, SYOSSET, NY 11791
Telephone #: (516) 938-3100

NOTE: THE LAW PROVIDES THAT (A) IF THIS SUMMONS IS SERVED BY ITS DELIVERY TO YOU
PERSONALLY WITHIN THE CITY OF NEW YORK, YOU MUST APPEAR AND ANSWER WITHIN TWENTY DAYS
AFTER SUCH SERVICE; OR (B) IF THIS SUMMONS IS SERVED BY DELIVERY TO ANY PERSON OTHER THAN
YOU PERSONALLY, OR IS SERVED OUTSIDE THE CITY OF NEW YORK, OR BY PUBLICATION, OR BY ANY
MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, YOU ARE ALLOWED
THIRTY DAYS AFTER PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT WITHIN
WHICH TO APPEAR AND ANSWER.

DEFENDANT(S) TO BE SERVED:
YISROEL M KATZOFF, ,
687 LEFFERTS AVE
BROOKLYN NY 11203

## TRANSACCION DE CREDITO DEL CONSUMIDOR

**IMPORTANTE!** UD.HA SIDO DEMANDADO! ESTE ES UN DOCUMENTO LEGAL - UNA CITACION. NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). SI UD.NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES,(PROPIEDAD) Y PERJUDICAR SU CREDITO TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES(COSTAS ADDICIONALES)! SI UD.NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, STATE OF NEW YORK

INDEX NUMBER
FILED:
**CITACION**

---------------------------------------------------------------X

CITIBANK, N.A. ,

                    DEMANDANTE,

-AGAINST-

YISROEL M KATZOFF, , ,

                    DEMANDADO(S),

---------------------------------------------------------------X

LA DIRECCION DEL DEMANDANTE:
701 East 60th Street Nort
Sioux Falls, SD 57117

LA RAZON DE HABER DESIGNADO ESTA CORTE ES LA RESIDENCIA DEL DEMANDADO

AL DEMANDADO ARRIBA MENCIONADO USTED ESTA CITADO A COMPARECER EN LA CIVIL COURT OF THE CITY OF NEW YORK ,COUNTY OF KINGS, A LA OFICINA DEL JEFE PRINCIPAL DE DICHA CORTE EN 141 LIVINGSTON STREET,BROOKLYN, NY 11201, EN LA COUNTY OF KINGS, CIUDAD Y ESTADO DE NUEVA YORK, DENTRO DEL TIEMPO PROVISTO POR LA LEY SEGUN ABAJO INDICADO Y A PRESENTAR SU RESPUESTA A LA DEMANDA ANEXADA AL JEFE DE LA CORTE; SI USTED NO COMPARECE A CONTESTAR SE RENDIRA SENTENCIA CONTRA USTED EN LA SUMA DE $16,168.10 CON LA COSTA DEL ABOGADO EN LA SUMA DE $3,233.62, INCLUYENDO LAS COSTA DE ESTA CAUSA.

TIMOTHY J MURTHA, SHAWN SPIELBERG

FECHADO: November 21, 2011
File No:11-01466
(Accu-Serve)

**PETER T. ROACH AND ASSOCIATES, P.C.**
ABOGADOS DEL DEMANDANTE
125 Michael Drive, Suite 105, SYOSSET, NY 11791
Telephone #: (516) 938-3100

NOTA: LA LEY PROVEE QUE:(A)SI ESTA CITACION ES ENTREGADA A USTED PERSONALMENTE EN LA CIUDAD DE NUEVA YORK,SI ESTA CITACION ES ENTREGADA A OTRA PERSONA QUE NO FUERA USTED PERSONALMENTE O SI FUERA ENTREGADA USTED DEBE COMPARECER Y RESPONDERIA DENTRO DE VEINTE DIAS DESPUES DE LA ENTREGA;O(B) AFUERA DE LA CIUDAD DE NUEVA YORK, O POR MEDIO DE PUBLICACION, O POR OSTROS MEDIOS QUE NO FUERAN ENTREGA PERSONAL A USTED EN LA CIUDAD DE NUEVA YORK, USTED TIENE TREINTA DIAS PARA COMPARECER Y RESPONDER LA DEMANDA, DESPUES DE HABERSE PRESENTADO PRUEBA DE ENTREGA DE LA CITACION AL JEFE DE ESTA CORTE.

DEFENDANT(S) TO BE SERVED:
YISROEL M KATZOFF, ,
687 LEFFERTS AVE
BROOKLYN NY 11203

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, STATE OF NEW YORK

------------------------------------------------------------X
CITIBANK, N.A.,

                                   Plaintiff,                         **VERIFIED**
                                                                      **COMPLAINT**
              -against-

YISROEL M KATZOFF, , ,
                                   Defendant(s).
------------------------------------------------------------X

Plaintiff, by its attorneys, PETER T. ROACH and ASSOCIATES, P.C., complaining of Defendant,

respectfully alleges as follows:

FIRST:  Plaintiff is a national banking association organized pursuant to Federal Law.

SECOND: Upon information and belief, the defendant(s) is an individual who resides or has an office in the

county in which this action is brought.

### AS AND FOR A FIRST CAUSE OF ACTION

THIRD: That the parties hereto entered into a credit card  agreement.

FOURTH:  Plaintiff duly performed all conditions on its part under the agreement.

FIFTH: Upon information and belief, Defendant(s) defaulted in payment and pursuant to the terms of the

agreement now owes a balance of $16,168.10, together with attorney's fees of $3,233.62, no part of which has been

paid despite due demand thereof.

### AS AND FOR A SECOND CAUSE OF ACTION

SIXTH: Plaintiff repeats and realleges each and every allegation contained in paragraphs FIRST through

FIFTH with the same force and effect as if fully set forth herein.

SEVENTH: That heretofore, Plaintiff  rendered to Defendant(s) monthly, full and true accounts of the

indebtedness owing by Defendant as a result of the above agreement, in an amount as hereinabove set forth which

account statements were delivered to and accepted without objection by the defendant(s) resulting in an account

stated in the sum of $16,168.10, no part of which has been paid despite due demand thereof.

WHEREFORE, Plaintiff demands judgment against Defendant(s) in the sum of $16,168.10, plus attorney's fees of $3,233.62, together with costs and disbursements.

**PETER T. ROACH & ASSOCIATES, P.C.**
ATTORNEYS FOR PLAINTIFF
125 Michael Drive, Suite 105, SYOSSET, NY 11791; 516-938-3100

### ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the courts of New York State, is an attorney with the law offices of Peter T. Roach & Associates, P.C., the attorneys for the plaintiff. Deponent has read the foregoing complaint and knows the contents to be true of his own knowledge, except as to matters alleged upon information and belief, and as to those matters he believes them to be true based upon letters, records and documents in his possession and communications with Plaintiff.

The Deponent has verified this pleading in accordance with C.P.L.R. § 3020 (D)(3). The undersigned affirms that the foregoing statements are true, under penalties of perjury.

DATED:       November 21, 2011
             Syosset, New York

PETER T. ROACH & ASSOCIATES, P.C.

BY: _____
TIMOTHY J MURTHA, SHAWN SPIELBERG

Attorneys for Plaintiff
125 Michael Drive, Suite 105
Syosset, New York 11791
Telephone No.: (516) 938-3100